

Search for Cases by: [Select Search Method...]

Judicial Links | Court Links | Help | Contact Us | Print

Logon

### 44th Judicial Circuit (Douglas, Ozark & Wright Counties)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

## 09DG-CV00066 - KELLY & CO 1ST RESPONDERS V STORM SERVICES LLC

This information is provided as a service and is not considered an official court record.
Displaying **1** thru **11** of **11** records for all dockets returned for case **09DG-CV00066**.

**05/07/2009**

**Docket Entry:** Judge Assigned

**Docket Entry:** Pet Filed in Circuit Ct

**Docket Entry:** Judge Assigned

**Docket Entry:** Summons Issued-Circuit

**Text:** Document ID: 09-SMOS-19, for STORM SERVICES, LLC;

**Docket Entry:** Order

**Text:** The Honorable Johjn Jacobs is hereby assigned to hear and determine this cause through its final disposition and entry of all orders relating to any after-trial matters as may be necessary or proper. Clerk to notify interested parties. John G. Moody, Circuit Judge

**05/21/2009**

**Docket Entry:** Summons Personally Served

**Text:** Document ID - 09-SMOS-19; Served To - STORM SERVICES, LLC; Server - ; Served Date - 14-MAY-09; Served Time - 13:00:00; Service Type - Sheriff Department; Reason Description -

**06/08/2009**

**Docket Entry:** Motion Filed

**Text:** DEFENDANT'S MOTION TO DISMISS.

**Filing Party:** GARRISON , PHILLIP R

**Docket Entry:** Certificate of Service

**Filing Party:** GARRISON , PHILLIP R

**Docket Entry:** Affidavit Filed

**Text:** AFFIDAVIT OF TOMMY HOPKINS. (EXHIBIT 1)

**Filing Party:** GARRISON , PHILLIP R

**Docket Entry:** Filing:

**Text:** SUGGESTIONS IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS.

**Filing Party:** GARRISON , PHILLIP R

**Docket Entry:** Certificate of Service

**Filing Party:** GARRISON , PHILLIP R

Displaying **1** thru **11** of **11** records for all dockets returned for case **09DG-CV00066**.

**EXHIBIT**

1

# IN THE CIRCUIT COURT OF DOUGLAS COUNTY, MISSOURI
## DIVISION ONE

Kelly and Company 1st )
Responders, LLC, a Missouri )
Limited Liability Company, )
    Plaintiff, )
     )
     )
vs. )
     )    Case No. 09 86 - CW0066
     )
Storm Services, LLC, a Georgia )
Limited Liability Company, )
    Defendant. )

Comes now Plaintiff and for its cause of action against Defendant, states to the Court as follows:

## Statement of Facts Common to All Allegations

1.    Plaintiff is a Missouri limited liability company whose place of business is Rt. 2, Box 512, Norwood, Douglas County, Missouri.

2.    Defendant is a Georgia limited liability company whose place of business is 272 Oak Hill Road, Cairo, Georgia; and, whose registered agent at that address is Tommy Hopkins.

3.    This lawsuit is for breach of contract which was entered into in the State of Missouri.

4.    That venue is proper in Douglas County, Missouri for the reason that the contract entered into between the parties was entered into in Douglas County, Missouri and the allegations and facts herein stated occurred in the State of Missouri.

5.    That plaintiff is a contractor providing disaster relief assistance consisting of mobile laundry facilities, mobile showers and mobile sleeping quarters as well as all of the support equipment to operate the mobile facilities herein described.

MAY - 7 2009

Circuit Clerk Douglas County

1

6. That on or about August 31, 2008 Defendant contracted with Plaintiff, in the State of Missouri, for Plaintiff to provide its labor and services, with support equipment to Defendant in the states of Mississippi, Louisiana and Texas for storm disaster assistance.

7. Plaintiff agreed to provide such services as requested by Defendant pursuant to Plaintiff's "2006 Pricing Form" (hereinafter pricing form) hereto attached as Exhibit "A" and incorporated herein by reference.

8. Plaintiff, had, prior to August 31, 2008 provided to Defendant the pricing form and Defendant was familiar with and aware of Plaintiff's fees and pricing for its services and equipment.

9. That Plaintiff provided services as requested by Defendant from August 31, 2008 until September 26, 2008, said services were provided to Defendant and billed to Defendant on a "per job" basis.

## Count I – Services Rendered

10. Plaintiff hereby restates and incorporates paragraphs 1 – 9 of its petition by reference as though the same were fully set forth herein.

11. On August 31, 2008, Defendant contracted with Plaintiff whereby Plaintiff agreed to furnish labor and services to Defendant on account in return for Defendant's agreement to pay the amount due pursuant to Plaintiffs pricing form.

12. Plaintiff's labor and services are more fully described in the statement of account which is attached hereto as Plaintiffs Exhibit "B" and incorporated herein by reference.

13. On February 11, 2009 Plaintiff furnished to Defendant a statement of account of $16,809,723.00 from Defendant with the total amount remaining unpaid and due on the account.

14. Despite being furnished with a copy of the statement, Defendant has failed and refused to pay to Plaintiff the unpaid sums due on account of $1,530,415.00.

WHEREFORE, in Count I, Plaintiff prays for judgment against Defendant in the amount of $1,530,415.00 and for such other and further Orders as to the Court seems just and proper in the premises.

## Count II – Quantum Meruit – Alternative Count

2

15.     Plaintiff hereby restates and incorporates paragraphs 1 – 14 of its petition by reference as though the same were fully set forth herein.

16.     Pursuant to and in connection with Plaintiff's contract with Defendant, Plaintiff furnished labor and services to Defendant as set forth in Exhibit "B" and incorporated herein by reference.

17.     At the special instance and request of Defendant, Plaintiff performed valuable labor and services to Defendant having a fair and reasonable value of $16,809,723.00.

18.     The work performed by Plaintiff was for Defendant's use and benefit. Defendant requested and accepted this labor and services from Plaintiff.

19.     Defendant has paid Plaintiff the sum of $15,279,308.00 for the work performed by Plaintiff.

20.     Defendant has failed and refused to pay Plaintiff the remaining balance due and owing to Plaintiff in the amount of $1,530,415.00 despite a demand for payment of said balance having been made to Defendant by Plaintiff.

21.     Defendant has been unjustly enriched by the unpaid portion of the reasonable value of labor and services supplied by Plaintiff in the amount of $1,530,415.00 plus interest.

Wherefore in Count II, Plaintiff hereby prays that this Court enter judgment in its favor against Defendant for damages in the amount of $1,530,415.00 plus lawful interest from the date said sums were due and demanded, for costs and for such other and further relief as to this Court seems just and proper in the premises.

## Count III – Restitution and Unjust Enrichment – Alternative Count

22.     Plaintiff hereby restates and incorporates paragraphs 1 – 21 of his petition by reference as though the same were fully set forth herein.

23.     Pursuant to and in connection with Plaintiff's contract with Defendant, Plaintiff conferred a benefit to Defendant for labor and services to Defendant.

24.     Defendant acknowledged, accepted and recognized the benefit from Plaintiff in the amount of $1,530,415.00.

25.     Defendant accepted and retained the benefit conferred by Plaintiff for labor and services to Defendant.

3

26.     That it would be unjust for Defendant to retain the benefit conferred by Plaintiff to Defendant for labor and services to Defendant.

Wherefore in Count III, Plaintiff hereby prays that this Court enter judgment in his favor against Defendant for damages in the amount of $1,530,415.00 plus lawful interest from the date said sums were due and demanded, for costs and for such other and further relief as to this Court seems just and proper in the premises.

## Count IV– Petition on Account –Failure to Object-Alternative Count

27.     Plaintiff hereby restates and incorporates paragraphs 1 – 26 of its petition by reference as though the same were fully set forth herein.

28.     During the period from August 31, 2008 through September 26, 2008, Plaintiff furnished labor and services on account to Defendant which is more fully described in Plaintiff's Exhibit "B" and incorporated herein by reference.

29.     On February 11, 2009 Plaintiff furnished Defendant with a statement of account of $16,809,723.00 the total amount of the account.

30.     After being furnished with a copy of the account, Defendant has not objected to the accuracy of the account; however, has refused to pay $1,530,415.00 of the account.

WHEREFORE, Plaintiff prays judgment against Defendant in the amount of $1,530,415.00 and for such other and further Orders as to the Court seems just and proper in the premises.

John W. Bruffett-24585
Attorney at Law
P. O. Box 101
Ava, Missouri  65608
(417) 683-4163
(417) 683-3280/fax

Attorney for Plaintiff

4

STATE OF MISSOURI       )
                        )ss.
COUNTY OF DOUGLAS       )


    Timothy Kelly, being duly sworn, upon his oath, states that he is the agent for Plaintiff herein, and that the facts and matters as stated herein are true, according to his best knowledge and belief.


_____
Timothy Kelly


Subscribed and sworn to before me this 1st day of May, 2009.


_____
John W. Bruffett – Notary Public


Notary Commission Expires:

> JOHN W. BRUFFETT
> Notary Public - Notary Seal
> STATE OF MISSOURI
> Douglas County – Comm.#07488868
> My Commission Expires May 17, 2011

5

# IN THE CIRCUIT COURT OF DOUGLAS COUNTY, MISSOURI, DIVISION ONE

KELLY AND COMPANY )
1ST RESPONDERS, LLC, )
a Missouri Limited Liability Company, )
)
            Plaintiff )
)    Case No. 09DG-CV00066
v. )
)
STORM SERVICES, LLC, )
a Georgia Limited Liability Company, )
)
            Defendant )

## DEFENDANT'S MOTION TO DISMISS

**COMES NOW** Defendant, Storm Services, LLC, appearing specially for the purposes of this Motion and without entering a general appearance in this action, and moves the Court to dismiss Plaintiff's Petition filed herein, and each Count thereof, upon the following grounds and for the following reasons:

1.    The Petition, and each Count thereof, fails to state sufficient facts to show that this Court has personal jurisdiction over the Defendant.

2.    The Court lacks jurisdiction over the person of the Defendant for the reason that none of the asserted causes of action arise out of activities covered by Missouri's long arm, Mo. Rev. Stat. § 506.500, and the Defendant has had insufficient minimum contacts with Missouri to satisfy due process requirements. Maintenance of this suit against the Defendant would offend traditional notions of fair play and substantial justice in violation of the due process clause of the Fourteenth Amendment to the United States Constitution. See attached Affidavit of Tommy Hopkins incorporated herein by reference as Exhibit 1.

3.    The Petition, and each Count thereof, fails to state a claim for relief or cause of action upon which the relief sought may properly be granted.

Respectfully submitted,

Phillip R. Garrison MO #19372
pgarrison@polsinelli.com
Justin R. Watkins MO #60151
jwatkins@polsinelli.com
POLSINELLI SHUGHART PC
Hammons Tower
901 St. Louis Street, Suite 1200
Springfield, MO 65806
(417) 869-3353
Fax: (417) 869-9943

*Attorneys for Storm Services, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been sent, via facsimile and U.S. Mail, postage prepaid, this 8 day of June, 2009 to:

John W. Bruffett
Attorney at Law
Ava, MO 65608
Facsimile (417) 683-3280
Attorney for Plaintiff

Attorneys for Defendant Storm Services, LLC

# IN THE CIRCUIT COURT OF DOUGLAS COUNTY, MISSOURI, DIVISION ONE

KELLY AND COMPANY )
1ST RESPONDERS, LLC, )
a Missouri Limited Liability Company, )
  )
          Plaintiff )
  )    Case No. 09DG-CV00066
v. )
  )
STORM SERVICES, LLC, )
a Georgia Limited Liability Company, )
  )
          Defendant )

## AFFIDAVIT OF TOMMY HOPKINS

STATE OF GEORGIA )
  ) ss.
COUNTY OF _Grady_ )

**COMES NOW**, Tommy Hopkins, of lawful age, and after first being duly sworn upon his oath, states as follows:

1.     I am over the age of 18 and mentally capable of making this Affidavit.

2.     I have personal knowledge of all facts and agreements set forth in this Affidavit.

3.     I am a member of Storm Services, LLC, ("Storm Services") the named Defendant in the above-styled case.

4.     Storm Services is a Limited Liability Company organized in the state of Georgia and has its principal place of business in that state.

5.     Storm Services is not registered to do business in Missouri.

6.     Storm Services does not maintain any offices, equipment or employees in Missouri.

7.     Storm Services does not have a registered agent in Missouri.

8.     Storm Services does not own any real or personal property located in Missouri.

**EXHIBIT**
**1**

9.     Storm Services is engaged in the business of storm disaster assistance, providing labor, services and equipment for emergency relief in response to natural disasters and regional emergencies.

10.     To my information and belief, Steve Kelly is a member of Kelly and Company 1st Responders, LLC, ("Kelly and Company") the Plaintiff in this case.

11.     The first contact I had with Kelly and Company was when I met a representative it sent to a conference in Mobile, Alabama in 2006.

12.     Shortly after that meeting, a representative of Kelly and Company called me in 2006 at the offices of Storm Services located in Georgia and solicited a business relationship with Storm Services.

13.     Storm Services by and through its agents, has traveled to Missouri twice since its organization in Georgia in 2005.

14.     Earlier this year, in 2009, acting as agent of Storm Services I visited St. Louis, Missouri for one (1) day to meet with a potential customer.  This meeting did not involve any of the facts related to this case and Kelly and Company was not present or involved in any way.

15.     In 2006, at the request of Kelly and Company, I visited Norwood, Missouri with another member of Storm Services to view equipment owned by Kelly and Company, and used for storm disaster assistance.  Our trip to Missouri on that occasion, which consisted of a flight to the airport in Springfield, Missouri, travel by car to and from Norwood, Missouri, and our flight out of Missouri, lasted approximately one (1) night and one (1) day.

16.     Approximately four additional meetings have been held between members of Storm Services and Kelly and Company, including a meeting in Memphis, Tennessee prior to the visit to Norwood, Missouri, as well as meetings in Hattisburg, Mississippi, and Gulfport,

Mississippi. The fourth meeting took place approximately February 11, 2009, at the offices of Storm Services in Georgia.

17.     Since 2006, Kelly and Company has periodically sent pricing information via facsimile transmission to Storm Services at its offices located in Georgia. This pricing information identified prices for labor, services and equipment related to storm disaster assistance.

18.     When Storm Services was engaged to provide storm disaster assistance by third parties, it would activate (notify) Kelly and Company to provide selected labor, services and equipment needed.

19.     To activate Kelly and Company an agent of Storm Services would contact Kelly and Company by phone from Georgia to notify them of labor, services and equipment needed at specified locations.

20.     In July 2006, Storm Services provided storm disaster assistance at a site located in St. Louis, Missouri. Kelly and Company was activated to provide one laundry trailer for storm disaster assistance at the St. Louis site for approximately five (5) days. Storm Services did not have any of its personnel or equipment on-site, and this job did not involve any facts related to this case.

21.     The only other occasion Storm Services provided storm disaster assistance in Missouri was at a site located in Joplin, Missouri in May 2008. Storm Services arranged for the supply of three portable toilets, two hand-washing units, and refueling of a generator on that occasion, which were on-site from approximately May 12 - May 22. Kelly and Company did not provide any labor, services or equipment for use at the Joplin site. This job did not involve any facts related to this case.

22.    Other than as stated herein, Storm Services' communication with Kelly and Company has been by telephone and facsimile transmission from Georgia or Mississippi. Communications were limited to activating Kelly and Company when labor, services and equipment were needed, as well as coordinating the labor, services and equipment on-site. Storm Services also communicated with Kelly and Company in the same manner from Georgia in relation to invoices and payments for labor, services and equipment provided by them.

23.    Storm Services has made payments to Kelly and Company by wire transfer from Georgia and by check sent through interstate mail from Georgia except for one that was personally picked up by Kelly and Company in Georgia at the February 11, 2009 meeting.

24.    With regard to the matters at issue in this suit, beginning on August 31, 2008, Storm Services contacted and activated Kelly and Company via telephone from Georgia to provide labor, services and equipment for storm disaster assistance at locations in Mississippi, Louisiana and Texas, but none in Missouri.

25.    The only other time Storm Services has activated Kelly and Company and used its labor, services or equipment was in March 2007 when it notified Kelly and Company from Georgia to provide storm disaster assistance at a location in Americus, Georgia. The storm disaster assistance provided in Americus, Georgia did not involve any facts related to this case.

_____
TOMMY HOPKINS

STATE OF GEORGIA )
                   ) ss.
COUNTY OF _Grady_ )

On this _5th_ day of June, 2009, before me personally appeared Tommy Hopkins, to me personally known to be the person who executed the foregoing instrument and states that the facts contained therein are true and correct.

_____
Notary Public

My Commission Expires:

_1-30-13_

# IN THE CIRCUIT COURT OF DOUGLAS COUNTY, MISSOURI, DIVISION ONE

KELLY AND COMPANY )
1ST RESPONDERS, LLC, )
a Missouri Limited Liability Company, )
)
           Plaintiff, )    Case No. 09DG-CV00066
)
v. )
)
STORM SERVICES, LLC, )
a Georgia Limited Liability Company, )
)
           Defendant. )

## SUGGESTIONS IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

**COMES NOW** Defendant, Storm Services, LLC, appearing specially for the purposes of these suggestions and without entering a general appearance in this action, and submits the following Suggestions in Support of Defendant's Motion to Dismiss filed herein:

## SUMMARY

The Petition filed by Plaintiff Kelly and Company 1st Responders LLC (hereinafter "Plaintiff") against Defendant Storm Services, LLC (hereinafter "Storm Services"), should be dismissed. This Court lacks jurisdiction over Storm Services because Plaintiff fails to allege facts demonstrating that the asserted causes of action arise out of activities covered by Missouri's long arm statute, and Storm Services' limited contacts with Missouri are insufficient to satisfy due process requirements. Moreover, Plaintiff fails to state a cause of action upon which relief may be granted. Accordingly, Plaintiff's entire Petition should be dismissed.

## ARGUMENT

**I.    Plaintiff Has Not Plead Facts Demonstrating Personal Jurisdiction Over Storm Services.**

2503704.02

Plaintiff's Petition should be dismissed because this Court lacks personal jurisdiction over Storm Services. When a defendant moves for dismissal for lack of personal jurisdiction, the burden rests with the plaintiff to make a prima facie showing of personal jurisdiction. ***State ex rel. William Ranni Assoc. v. Hartenbach***, 742 S.W.2d 134, 137 (Mo. 1987) (en banc). To meet this burden, Plaintiff must plead and prove that this action arises out of activity covered by Missouri's long-arm statute, and that Storm Services has sufficient minimum contacts with Missouri justifying the exercise of personal jurisdiction. ***Id.*** Inquiry is limited to an examination of the Petition on its face and any supporting affidavits submitted by the parties. ***Wilson Tool & Die, Inc. v. TBDN-Tennessee Co.***, 237 S.W.3d 611, 615 (Mo. App. E.D. 2007). This court lacks jurisdiction because Plaintiff has failed to plead sufficient facts showing this action arises out of activity covered by the long-arm statute, or that Storm Services has sufficient minimum contacts with Missouri to justify the exercise of personal jurisdiction.

**A.      Plaintiff has failed to plead sufficient facts to show that the actions asserted in the Petition arise out of activity covered by Missouri's long-arm statute.**

Plaintiff pleads, and the Affidavit of Tommy Hopkins, attached to Storm Services' Motion to Dismiss as Exhibit 1, demonstrates that Storm Services is not a resident of Missouri. Plaintiff's Petition ¶ 2; Affidavit of Tommy Hopkins ¶ 4. To bring a non-resident defendant under the jurisdiction of Missouri, a plaintiff must first establish that the action arises out of activity covered by Missouri's long-arm statute. ***Conway v. Royalite***, 12 S.W.3d 314, 318 (Mo. 2000). That statute provides:

> Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any such acts:
>
> (1) The transaction of business within this state;

(2) The making of any contract within this state;
(3) The commission of a tortious act within this state;
(4) The ownership, use, or possession of any real estate situated in this state;
(5) The contracting to insure any person, property or risk located within this state at the time of contracting;
(6) Engaging in an act of sexual intercourse within this state with the mother of a child on or near the probable period of conception of that child.

**Mo. Rev. Stat. § 506.500** (2000). Based on the pleadings, it is obvious that subsection (3), (4), (5), and (6) do not apply in this case. Subsection (1), however, also does not apply for the simple reason that Plaintiff has not plead any facts demonstrating the transaction of business within Missouri by Storm Services. *See Id.* at 318 ("[Plaintiff] must show that acts contemplated by the statute took place."). To the extent that Plaintiff alleges long-arm jurisdiction under subsection (2), based on an alleged contract entered in Missouri, that contention must fail for the reason that Plaintiff has failed to plead *facts* demonstrating that the alleged contract confers long-arm jurisdiction over Storm Services.

The failure to plead facts demonstrating that jurisdiction is proper is fatal. *See Gohlston v. Lightfoot*, 825 S.W.2d 864, 868 (Mo. App. W.D. 1992) (finding dismissal of petition appropriate based on failure of plaintiff to plead facts demonstrating personal jurisdiction). Plaintiff does not specifically allege anywhere in its Petition that jurisdiction is proper. However, Plaintiff does allege, in ¶ 4, "[t]hat venue is proper in Douglas County, Missouri for the reason that the contract entered into between the parties was entered into in Douglas County, Missouri." Further, in ¶ 3, Plaintiff alleges the existence of a contract "entered into in the State of Missouri," and in ¶ 6 that Storm Services "contracted with Plaintiff[] in the state of Missouri." These conclusory statements represent the limit of Plaintiff's allegations set forth in the Petition

to support long-arm jurisdiction under subsection (2), and are wholly insufficient to establish long-arm jurisdiction over Storm Services in this state.

As a fact pleading State, Missouri requires a petition to state "fact[s] in support of *each* essential element of the cause pleaded." *Green v. Penn-America Ins. Co.,* 242 S.W.3d 374, 379 (Mo. App. W.D. 2007) (citation omitted). Plaintiffs "cannot merely assert conclusions," and conclusions not supported by facts are disregarded in determining whether a petition states a cause of action. *Williams v. Barnes & Noble, Inc.,* 174 S.W.3d 556, 559 (Mo.App. W.D. 2005). Personal jurisdiction over a defendant is an essential element to *any* cause of action, and thus must be supported by *facts*, not conclusions. *Missouri Soybean Ass'n. v. Missouri Clean Water Comm'n.,* 102 S.W.3d 10, 21 (Mo. 2003) (en banc). Plaintiff, however, states no facts in support of its conclusion that the contract entered between the parties was entered in Missouri.

In Missouri, "[a] contract is made where the last act necessary to form a binding contract occurs." *Johnson Heater Corp. v. Deppe*, 86 S.W.3d 114, 119 (Mo. App. E.D. 2002). This means that "[f]or purposes of long-arm jurisdiction, a contract is made where acceptance occurs." *Id.* Plaintiff has not plead facts to support the proposition that acceptance of an offer, creating a contract, took place in Missouri. The bare conclusion that the parties entered into the alleged contract in Missouri is just that, a bare conclusion not supported by facts, and thus must be disregarded in determining whether the Petition states a cause of action. *See Laser Vision Centers, Inc. v. Laser Vision Centers Intl.*, 930 S.W.2d 29 (Mo. App. E.D. 1996) (finding sufficient allegations of jurisdiction based on alleged transaction of business in Missouri further supported by facts detailing the transactions). The Petition fails to state a cause of action upon which relief may be granted because Plaintiff has failed to allege facts demonstrating that the

causes of action arise out of activity covered by the long-arm statute. Accordingly, the Petition should be dismissed.

### B. Storm Services has insufficient minimum contacts with Missouri to justify the exercise of personal jurisdiction.

Storm Services denies entering into any contract with Plaintiff in Missouri, and denies that this action arises out of the transaction of business by Storm Services in Missouri. But, even assuming, for the sake of argument only, that Storm Services entered into a contract with Plaintiff in Missouri, or that this action arises out of the transaction of business by Storm Services in Missouri, Plaintiff does not allege facts demonstrating, and cannot prove that Storm Services has had sufficient minimum contacts with Missouri to satisfy due process requirements. To establish minimum contacts, a defendant must purposefully avail itself of the privilege of conducting activities within the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). As stated in *Burger King*:

> Th[e] purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or third person. Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant *himself* that create a substantial connection with the forum state.

*Id.* (internal quotation omitted). The defendant must possess sufficient "minimum contacts with [the forum state] such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945).

To determine whether a defendant has sufficient minimum contacts, courts consider five factors: (1) the nature and quality of contacts with the forum state; (2) the quantity of contacts; (3) the relation of the cause of action to the contact; (4) the interest of the forum state in the litigation; and (5) the convenience or inconvenience to the parties. *Angelica Corp. v. Gallery Mfg. Corp.*, 904 F.Supp. 993, 996 (E.D. Mo. 1995); *Aldein v. Asfoor*, 213 S.W.3d 213, 216 (Mo.

App. E.D. 2007). The first three factors are primary to the determination, while the last two are secondary. *Angelica Corp.*, 904 F.Supp. at 996; *Aldein*, 213 S.W.3d at 216. Moreover, in determining personal jurisdiction in a contract case, courts consider prior negotiations and contemplated future consequences, the terms of the contract, and the actual course of dealing between the parties. *Burger King*, 471 U.S. at 479.

In the present case, Storm Services' limited contacts with Missouri are insufficient to satisfy due process. Storm Services is not registered to do business in Missouri, does not maintain offices, equipment or employees in Missouri, does not have a registered agent in Missouri, and does not own real or personal property located in Missouri. Affidavit of Tommy Hopkins ¶¶ 5-8. Storm Services, by and through its agents came to Missouri twice: in 2006 for one night and one day for a meeting in Norwood, Missouri to view equipment owned by Plaintiff, and in 2009 for one day to meet with a potential customer in St. Louis, Missouri. Affidavit of Tommy Hopkins ¶¶ 13-15. Neither of these trips is related to the present cause of action, which relates solely to Plaintiff's claim for labor, services and equipment allegedly furnished to Storm Services in 2008 in states other than Missouri. *See* Plaintiff's Petition ¶ 6; Affidavit of Tommy Hopkins ¶ 24. Storm Services has only provided equipment or services in Missouri twice: in 2006 at a site in St. Louis, Missouri where Plaintiff provided one laundry trailer, and in 2008 Storm Services arranged for the supply of three portable toilets, two hand-washing units, and refueling of a generator at a site in Joplin, Missouri, with no involvement by Plaintiff. Affidavit of Tommy Hopkins ¶¶ 20-21. Neither of these occasions relate to the facts of the present cause of action.

Moreover, Storm Services' contact with Plaintiff since the 2006 meeting in Norwood has been limited to meetings in other states, as well as telephone and facsimile communications from

Georgia or Mississippi for the purpose of activating Plaintiff for storm disaster assistance, and for communications related to labor, services and equipment provided, as well as invoices and payments thereof. Affidavit of Tommy Hopkins ¶¶ 16, 22-23. The first contact Storm Services had with Plaintiff was at a meeting in Mobile, Alabama, shortly after which Plaintiff initiated and solicited the business relationship in a telephone call to Storm Services in Georgia. Affidavit of Tommy Hopkins ¶ 11-12. It was Plaintiff who periodically sent pricing forms to the offices of Storm Services. Affidavit of Tommy Hopkins ¶ 17. Moreover, by Plaintiff's own admission in ¶ 6 of the Petition, this action is based on claims for labor, services and equipment furnished for storm disaster assistance in Mississippi, Louisiana, and Texas, not Missouri. Based on an analysis of the above factors, it cannot be said that Storm Services has sufficient contacts with Missouri to satisfy the requirements of due process.

None of the three primary factors used to determine if there has been sufficient minimum contacts to satisfy due process, i.e., the nature and quality of contacts, the quantity of contacts, and the relation of the cause of action to the contacts of Storm Services with Missouri, support jurisdiction over Storm Services. Storm Services' contacts with Missouri are, at best, random, fortuitous, and attenuated, do not proximately result from its own actions, and thus do not create the required substantial connection with Missouri. From the outset, it was Plaintiff who purposefully directed activity toward Storm Services by reaching out beyond the borders of Missouri to initiate contact and solicit business. However, this type of unilateral activity by a plaintiff "cannot satisfy the requirement of contact with the forum State." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

Moreover, Plaintiff's involvement with Storm Services almost totally contemplated performance outside of Missouri. While this may have required mobilization by the Plaintiff

within Missouri, unilateral performance by Plaintiff within Missouri also cannot supply the required contact. *Scullin Steel Co. v. National Ry. Utilization Corp.*, 676 F.2d 309, 313 (8th Cir. 1982). *Cf. Products Plus, Inc. v. Clean Green, Inc.*, 112 S.W.3d 120, 125 (Mo. App. S.D. 2003) (finding jurisdiction proper where defendant's performance occurred in Missouri). Finally, the contacts of Storm Services with Missouri consisting of telephone and facsimile communications from Georgia or Mississippi, and payments sent from Georgia by wire transfer or check through interstate mail do not establish jurisdiction. Affidavit of Tommy Hopkins ¶¶ 22-23. As courts have consistently held, the use of interstate facilities such as telephones and interstate mail is insufficient to confer jurisdiction. *E.g. Scullin Steel Co.*, 676 F.2d at 314; *Tiger Mfg. Corp. v. Loadstar Material Handling Equip., Ltd.*, 341 F.Supp.2d 1107, 1112 (W.D. Mo. 2004); *Breiner v. Dynaquip, Inc.*, 539 F.Supp. 204, 206 (E.D. Mo. 1982). Thus, the nature and quality of the contacts, the quantity of the contacts, and the relation of the cause of action to the contacts of Storm Services with Missouri do not support jurisdiction over Storm Services in Missouri.

The remaining two factors cannot overcome these limited and insufficient contacts between Storm Services and Missouri. Missouri may have a limited interest in providing a forum to a Missouri limited liability company based on a contract, which was to be performed in other states, but such an interest is secondary. *Bryant v. Smith Interior Design*, No. ED 91924, 2009 WL 981958, at *6 (Mo. App. E.D. April 14, 2009). As for convenience, Georgia would provide an equally convenient forum based on proximity to the locations where the contract was actually performed, and thus does not favor jurisdiction one way or the other.

Thus, Storm Services has insufficient minimum contacts with Missouri to satisfy due process requirements. Storm Services' contacts with Missouri are random, fortuitous, and

attenuated, do not proximately result from its own actions, and do not create the required substantial connection with Missouri. Accordingly, this Court lacks jurisdiction over Storm Services, and Plaintiff's Petition should be dismissed.

## II. Plaintiff's Petition Fails To State Any Claim For Relief Or Any Cause Of Action Upon Which Relief May Properly Be Granted.

As noted above, Missouri requires that a petition state ultimate facts demonstrating entitlement to the relief sought. *Green*, 242 S.W.3d at 379. A petition must "state[] fact[s] in support of *each* essential element of the cause pleaded." *Id.* (citation omitted). Failure by a plaintiff to plead facts demonstrating entitlement to the relief sought "deprives the trial court of jurisdiction to grant [the relief]." *Williams*, 174 S.W.3d at 559. Moreover, a "[p]laintiff cannot merely assert conclusions" and conclusions not supported by facts must be disregarded by the Court "in determining whether a petition states a cause of action." *Id.* at 560. In addition to Plaintiff's failure to state facts demonstrating personal jurisdiction over Storm Services, Plaintiff has failed to state a cause of action upon which relief may be granted for the following reasons.

### A. Count I of Plaintiff's Petition fails to allege that the charges for services furnished were reasonable, an essential element to a cause of action on an open account.

Plaintiff characterizes Count I as a cause of action for "Services Rendered." Plaintiff's Petition at 2. Plaintiff's claim, however, in quantum meruit for services rendered is set forth in Count II, and the allegations of Count I actually attempt to set forth a cause of action properly characterized as a suit on open account. *See Berlin v. Pickett*, 221 S.W.3d 406, 410 (Mo. App. W.D. 2006) (defining a suit on open account as an action, based in contract, alleging a balance due on a series of transactions). To state a cause of action for an open account, Plaintiff must plead facts supporting three elements: (1) a request by defendant that plaintiff furnish services; (2) that plaintiff accepted defendant's request by furnishing such services; and (3) that the

charges for services furnished were reasonable. *Id.* at 410-11. Plaintiff, however, fails to allege and does not state facts to demonstrate that the charges for services furnished were reasonable. Based on Plaintiff's failure to plead or to allege any facts demonstrating that the charges were reasonable, Plaintiff has failed to state a cause of action for an open account.

### B. Count II of Plaintiff's Petition fails to plead facts supporting a claim for quantum meruit.

In Count II, Plaintiff attempts to plead a claim for quantum meruit. To plead a claim for quantum meruit, Plaintiff's Petition must allege facts supporting each of the three elements of such a claim: "(1) benefit conferred by one party on another, (2) appreciation or recognition by the receiving party of the fact that what was conferred was a benefit, and (3) acceptance and retention of the benefit in circumstances that would render that retention inequitable." *Lucent Technologies, Inc. v. Mid-West Electronics, Inc.*, 49 S.W.3d 236, 241 (Mo. App. W.D. 2001). Plaintiff, however, fails to plead facts supporting either the second or third element, asserting instead conclusions rather than facts demonstrating entitlement to the relief sought.

Specifically, as to the second element, Plaintiff fails to allege any facts demonstrating appreciation or recognition by Storm Services of the fact that anything conferred by Plaintiff was a benefit. Instead, Plaintiff merely asserts the conclusion that Storm Services "requested and accepted" labor and services from Plaintiff. Plaintiff's Petition ¶ 18. As to the third element, Plaintiff fails to allege any facts demonstrating that Storm Services accepted and retained any benefit under circumstances that would render retention inequitable. Rather, Plaintiff merely asserts in conclusory fashion that Storm Services "accepted" labor and services from Plaintiff, "failed and refused to pay" the remaining balance of $1,530,415.00, and "has been unjustly enriched by the unpaid portion." Plaintiff's Petition, ¶¶ 18, 20-21. Accordingly, Plaintiff has failed to state a cause of action for quantum meruit.

**C.  Count IV of Plaintiff's Petition fails to plead facts supporting a cause of action for an account stated.**

In Count IV, Plaintiff attempts to state a cause of action for an account stated.  An account stated is defined as "an agreement between the parties, having had previous financial transactions, that a balance struck is correct and due between them, and a promise by the debtor, either express or implied, to pay the balance." *Ozark Mtn. Timber Products v. Redus*, 725 S.W.2d 640, 648 (Mo. App. S.D. 1987).  To state a cause of action for an account stated, Plaintiff must plead facts supporting three necessary elements:  (1) an accounting between the parties; (2) an agreement between the parties "upon a balance or a sum certain owing by one to the other"; and (3) an agreement to pay the balance owed. *Simrall v. Morrow*, 362 S.W.2d 765, 766 (Mo. App. K.C. 1962).  Plaintiff, however, fails to plead facts in support of any of the three necessary elements, asserting conclusions rather than facts demonstrating entitlement to relief.

As to the first element, Plaintiff does not plead facts demonstrating an accounting between Storm Services and Plaintiff.  Plaintiff merely states in conclusory terms that "[o]n February 11, 2009 Plaintiff furnished [Storm Services] with a statement of account."  Plaintiff's Petition ¶ 29.  Moreover, as to both the second and third elements, Plaintiff's allegations are deficient as Plaintiff fails to plead or demonstrate both the existence of an agreement as to a balance owed by Storm Services, and the existence of an agreement by Storm Services to pay that balance.  These agreements may be implied upon "retention of the account rendered for a reasonable time without objection," *Ozark Mtn. Timber*, 725 S.W.2d at 648, but Plaintiff has not alleged any facts demonstrating that Storm Services retained an account rendered by Plaintiff for more than a reasonable time without objection.  Rather, Plaintiff merely asserts in conclusory terms that Storm Services "has not objected to the accuracy of the account."  Plaintiff's Petition ¶ 30.  Accordingly, Plaintiff has failed to state a cause of action for an account stated.

## CONCLUSION

This Court lacks jurisdiction over Storm Services because Plaintiff fails to allege facts demonstrating that the asserted causes of action arise out of activities covered by Missouri's long arm statute, and Storm Services' limited contacts with Missouri are insufficient to satisfy due process requirements. Moreover, Plaintiff fails to state a cause of action upon which relief may be granted. Accordingly, Plaintiff's entire Petition should be dismissed.

Respectfully submitted,

Phillip R. Garrison MO #19372
pgarrison@polsinelli.com
Justin R. Watkins MO #60151
jwatkins@polsinelli.com
POLSINELLI SHUGHART PC
Hammons Tower
901 St. Louis Street, Suite 1200
Springfield, MO 65806
(417) 869-3353
Fax: (417) 869-9943

*Attorneys for Storm Services, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been sent, via facsimile and U.S. Mail, postage prepaid, this _8_ day of June, 2009 to:

John W. Bruffett
Attorney at Law
Ava, MO 65608
Facsimile (417) 683-3280
Attorney for Plaintiff

Attorneys for Defendant Storm Services, LLC

2503704.02