IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| KELLY AND COMPANY 1st RESPONDERS, LLC, ) ) ) Plaintiff, ) ) vs. ) ) STORM SERVICES, LLC, ) ) Defendant. ) | Case No. 09-3188-CV-S-ODS |

ORDER AND OPINION DENYING MOTION TO DISMISS

Pending is Defendant Storm Services, LLC's motion to dismiss (Doc. # 1, Exhibit 1). The motion is denied.

I. BACKGROUND

Plaintiff, a Missouri company which provides disaster relief services and equipment, filed this action in state court alleging that it had entered into a contract with Defendant, an out-of-state company that also provides disaster relief assistance. According to Plaintiff, the contract required it to provide labor, services, and support equipment in Mississippi, Louisiana, and Texas in 2008. Plaintiff alleges that it performed these services and billed Defendant $16,809,723.00, but Defendant only paid $15,279,308.00, leaving a balance of $1,530,415.00. Plaintiff seeks to recover the alleged debt under the following theories: (1) breach of contract for services rendered; (2) quantum meruit; (3) restitution and unjust enrichment; and (4) petition on account.

While in state court, Defendant filed a motion to dismiss claiming Plaintiff failed to allege sufficient facts for the Court to exercise personal jurisdiction over Defendant. Defendant also argued that Plaintiff failed to state a cause of action. With the motion to dismiss still pending, Defendant removed this action to federal district court and

subsequently filed a motion for leave to supplement its arguments for dismissal. Leave was granted and the parties have fully briefed Defendant's motion to dismiss.

## II. DISCUSSION

The liberal pleading standard created by the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[ ]." *Stodghill v. Wellston School Dist.*, 512 F.3d 472, 476 (8th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

2

*Id.*

The Court will first address the issue of personal jurisdiction before determining whether Plaintiff stated a cause of action.

A. Personal Jurisdiction

To defeat a motion to dismiss for lack of personal jurisdiction, the nonmoving party need only make a prima facie showing of jurisdiction and may do so by affidavits, exhibits, or other evidence. Although the Court must view the evidence in the light most favorable to Plaintiff and resolve factual conflicts in its favor, Plaintiff carries the burden of establishing the Court's jurisdiction over Defendant. *Romak USA, Inc. v. Rich*, 384 F.3d 979, 983-84 (2004).

In a diversity action like this one, the Court may assume jurisdiction over Defendant–a nonresident–only to the extent permitted by Missouri's long-arm statute and the Due Process Clause. *See Romak USA, Inc.*, 384 F.3d at 984. As relevant here, the Missouri long-arm statute provides for personal jurisdiction over any person who transacts business in Missouri.[1] Mo. Rev. Stat. § 506.500.1(1).

Because the Missouri long-arm statute authorizes the exercise of jurisdiction over non-residents to the extent permissible under the Due Process Clause, the Court can "'turn immediately to the question whether the assertion of personal jurisdiction would violate due process.'" *Romak USA, Inc.*, 384 F.3d at 984 (citation omitted). To satisfy due process, a defendant must have sufficient minimum contacts with the forum state such that maintenance of the suit does not offend traditional notions of fair play and substantial justice. More particularly, there must be some act by which the defendant

---

[1] Defendant contends that the long-arm statute was not satisfied because the contract between the parties was not entered into in Missouri. Plaintiff does not challenge this contention, arguing instead the long-arm statute is satisfied because Defendant transacted business in Missouri.

purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. *Id.*

In determining whether the Court has personal jurisdiction over Defendant, the Court will consider (1) the nature and quality of Defendant's contacts with Missouri; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of Missouri in providing a forum for its residents; and (5) the convenience of the parties. *See Romak USA, Inc.*, 384 F.3d at 984. With respect to the third factor, the Court distinguishes between specific jurisdiction and general jurisdiction. Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state. General jurisdiction refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose. *Miller v. Nippon Carbon Co., Ltd.*, 528 F.3d 1087, 1091 (8th Cir. 2008).

Plaintiff relies on the affidavit of Stephen D. Kelly, its managing member, to make a prima facie showing of personal jurisdiction. Kelly stated that representatives for Plaintiff and Defendant met in 2006, after which Defendant's employees traveled to Norwood, Missouri–Plaintiff's principal place of business–to inspect Plaintiff's equipment. During that inspection, Defendant informed Plaintiff that it was negotiating a contract with a third party from Georgia (Southern Company) to provide field services and equipment throughout the Southeast. Plaintiff agreed to act as Defendant's subcontractor and the parties negotiated the general terms of their agreement in Missouri, including the development of a pricing sheet Defendant subsequently used in submitting its successful bid to Southern Company.

After securing the contract with Southern Company, Defendant twice initiated contact with Plaintiff in Missouri concerning disaster assistance projects unrelated to the claims in this case. Then, in 2008, Defendant contacted Plaintiff advising that it was renewing its contract with Southern Company and requesting to confirm Plaintiff's availability. Plaintiff agreed to provide services and equipment if available, but refused to submit to an exclusive subcontractor agreement with Defendant. Thereafter, Tropical

4

Storm Gustav approached in August 2008, and Defendant contacted Plaintiff attempting to reserve Plaintiff's equipment and services. Plaintiff refused to commit to the project absent payment of a retainer, which led to Southern Company subsequently contacting Plaintiff directly and representing that the retainer had been paid. Plaintiff agreed to act as Defendant's subcontractor and later provided equipment and services in Louisiana, Mississippi, and Texas, giving rise to the claims in this case.

Based on Kelly's affidavit, the Court holds that there is an insufficient basis to assert general jurisdiction over Defendant. After visiting Missouri and inspecting Plaintiff's property in 2006, Defendant's contact with Missouri consisted of only 4 telephone calls over a period of 2 years. These contacts are attenuated, not continuous and systematic, and are not sufficient for general jurisdiction. *See Steinbuch v. Cutler*, 518 F.3d 580, 586 (8th Cir. 2008).

However, the Court holds that there are sufficient contacts with Missouri to support the exercise of specific jurisdiction over Defendant. Plaintiff agreed to provide disaster assistance only after Defendant initiated contact with Plaintiff in August 2008. Prior to Gustav, Defendant had contacted Plaintiff earlier in 2008 advising that it was renewing its contract with Southern Company and seeking to confirm Plaintiff's availability as a subcontractor. The renewal of Defendant's contract with Southern Company was a continuation of a contractual relationship that formed as a direct result of Defendant's 2006 inspection of Plaintiff's equipment in Missouri, when Defendant obtained information regarding Plaintiff's pricing and services and later used this information in its successful bid with Southern Company. During the 2006 inspection, Plaintiff and Defendant also negotiated the general terms of an agreement between themselves. Defendant's telephone contacts in 2008 and Defendant's physical inspection of Plaintiff's equipment in 2006 gave rise to the claims being asserted in this case, and specific jurisdiction over Defendant is warranted.

B. Failure to State a Claim upon Which Relief Can Be Granted

Count 1 of Plaintiff's Complaint is a claim for breach of contract for services rendered. To make a claim for breach of contract, a party must plead and prove (1) the existence of a contract or agreement and the terms thereof; (2) that the plaintiff performed or tendered performance; (3) that the defendant did not perform; and (4) that such failure to perform caused damage to plaintiff. *Inauen Packaging Equipment Corp. v. Integrated Indus. Services, Inc.*, 970 S.W.2d 360, 365 (Mo. Ct. App. 1998). Here, Plaintiff alleged the existence of a contract formed on or about August 31, 2008 to provide labor, services, and support equipment in Mississippi, Louisiana, and Texas. Plaintiff further alleged that it performed on the contract, that it submitted to Defendant a statement of account showing the total amount owed, and that Defendant has refused to pay the full amount. The Court holds that Plaintiff has alleged a cause of action for breach of contract. Defendant contends that Plaintiff really has asserted a suit on open account[2] which requires an allegation that the value of the services was reasonable. *See Berlin v. Pickett*, 221 S.W.3d 406, 410-11 (Mo. Ct. App. 2006). However, an open account is an implied contract. *Id.* at 413. Since Count 1 is based on an express contract and is not a suit on open account, Plaintiff was not required to allege that the value of the services was reasonable.

Counts 2 and 3 are claims for quantum meruit and unjust enrichment, respectively. Both claims require Plaintiff to plead and prove (1) a benefit conferred on Defendant; (2) appreciation or recognition by Defendant of the fact that what was conferred was a benefit; and (3) acceptance and retention of the benefit in circumstances that would render that retention inequitable. *See Bauer Development LLC v. BOK Financial Corp.*, 290 S.W.3d 96, 100 (Mo. Ct. App. 2009); *Lucent Technologies, Inc. v. Mid-West Electronics, Inc.*, 49 S.W.3d 236, 241 (Mo. Ct. App. 2001). The difference between the two claims is that recovery under unjust enrichment

---

[2] Plaintiff's claim for a suit on open account is Count 4.

6

is the amount of the enrichment which would be unjust for Defendant to retain, while recovery under quantum meruit is the reasonable value of the goods or services furnished by Plaintiff. *See Johnson Group, Inc. v. Grasso Bros., Inc.*, 939 S.W.2d 28, 30 (Mo. Ct. App. 1997).

Defendant first attacks Plaintiff's claim for quantum meruit, contending Plaintiff failed to allege the second and third elements of that cause of action. However, Plaintiff alleged that it performed valuable labor and services at Defendant's request which Defendant accepted and for which Defendant has refused to pay. Plaintiff's allegation that Defendant *requested* Plaintiff's services and labor reasonably implies that Defendant recognized the value of Plaintiff's performance, and Plaintiff's allegation that Defendant accepted Plaintiff's services and refused to pay for them sufficiently alleges the existence of inequitable circumstances. The Court holds that Plaintiff has pled the necessary elements for quantum meruit.[3]

Defendant also attacks Plaintiff's unjust enrichment claim for alleging that the labor and services were conferred *pursuant* to the parties' contract rather than *apart* from that contract. Defendant seems to be arguing that the existence of a valid contract precludes Plaintiff from asserting a claim for unjust enrichment. However, in Missouri the existence of a valid contract does *not* preclude a plaintiff from recovering on alternative theories of quantum meruit or unjust enrichment; the plaintiff can assert these alternative theories and any recovery is limited to the contract's terms. *See Classic Kitchens & Interiors v. Johnson*, 110 S.W.3d 412, 416 (Mo. Ct. App. 2003). Defendant's argument fails because it is contrary to Missouri law.

In Count 4, Plaintiff alleges that it provided labor and services "on account" to Defendant, that it furnished Defendant with a statement of account for $16,809,723.00 on February 11, 2009, that Defendant never objected to the accuracy of the account, and that Defendant has refused to pay $1,530,415.00. These allegations seem to be an

---

[3] Since Plaintiff has pled a cause of action for quantum meruit, Plaintiff necessarily has pled a cause of action for unjust enrichment because these claims share the same elements.

attempt to plead a cause of action for account stated. *See Honigmann v. C & L Restaurant Corp.*, 962 S.W.2d 458, 459-60 (Mo. Ct. App. 1998). However, Plaintiff does not argue that it has pled a cause of action for account stated and apparently has abandoned this theory of recovery. Rather, Plaintiff asserts it has pled a cause of action for petition on account, which required Plaintiff to plead and prove that (1) Defendant requested Plaintiff to furnish services; (2) Plaintiff accepted Defendant's offer by furnishing such services; and (3) the charges for those services were reasonable. *Berlin*, 221 S.W.3d at 410-11. An action on account is "equivalent" to an action in quantum meruit. *See Classic Kitchens & Interiors*, 110 S.W.3d at 416 n.2. Considering the allegations in Plaintiff's Complaint as a whole, the Court holds that Plaintiff has pled a cause of action for petition on account.[4]

III. CONCLUSION

The Court can exercise specific jurisdiction over Defendant because Defendant's contacts with Missouri gave rise to the claims Plaintiff asserts in this case. Also, Plaintiff has stated a cause of action with respect to its claims for breach of contract, quantum meruit, unjust enrichment, and petition on account.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: December 14, 2009    UNITED STATES DISTRICT COURT

---

[4] Since Plaintiff's claims for quantum meruit and petition on account are duplicative, Plaintiff may need to elect which of these remedies it intends to pursue before submitting the case to a jury. *See Ferran v. Town of Nassau*, 11 F.3d 21, 23 (2nd Cir. 1993) (holding that claim under 42 U.S.C. § 1985 merely duplicated claim under 42 U.S.C. § 1983).